IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| UNUM LIFE INSURANCE COMPANY OF AMERICA, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| WILLIAM COKER, | ) ) |
| and | ) ) |
| MIKALA COKER, | ) ) |
| and | ) Case No. 3:23-cv-00059 ) |
| MARISA COKER, | ) ) |
| and | ) ) |
| JOHN HILGEMAN, AS THE ADMINISTRATOR OF THE ESTATE OF CHERYL COKER IN THE MONTGOMERY COUNTY PROBATE COURT, | ) ) ) ) ) ) |
| Defendants. | ) ) |

## COMPLAINT IN INTERPLEADER

Plaintiff Unum Life Insurance Company of America ("Unum" or "Plaintiff"), in its capacity as claims fiduciary for the Costco Wholesale Corporation Life and Accidental Death and Dismemberment Welfare Benefits Plan ("the Plan"), files its Complaint in Interpleader and alleges the following:

1. This is an action for interpleader pursuant to Fed. R. Civ. P. 22 to determine entitlement to certain funds payable by reason of the death of Cheryl Coker ("Decedent"), who was a participant in the Plan.

## PARTIES

2.      Costco Wholesale Company ("Costco") sponsors the Plan.  The Plan is an employee welfare benefit plan as defined by the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001 *et seq*. ("ERISA"), and is funded by group policy 596704 002 (the "Policy") issued by Unum. A true and correct copy of the Policy is attached hereto as **Exhibit 1**.

3.      Unum Life Insurance Company of America is a Maine corporation with its principal place of business in Portland, Maine. Unum Life is authorized to conduct business and does conduct business in the State of Ohio.

4.      Unum underwrites and provides life and accidental death and dismemberment (AD&D) insurance benefits to the Plan, and as claims fiduciary, is responsible for determination and payment of claims under the Plan.

5.      Defendant, William Coker ("Coker"), residing at 2687 W. Millstone Drive, Montgomery County, Kettering, Ohio was an employee of Costco and, by virtue of his employment, a participant in the Plan.

6.      Cheryl Coker ("Decedent") was the spouse of Coker and was insured for life and AD&D insurance benefits under the Plan as the spouse of Coker, an employee of Costco.

7.      Defendant, Mikala Coker ("Mikala") is the adult child of Defendant Coker and Decedent, and may have an interest in the life and AD&D benefits payable on the life of her mother.

8.      Defendant, Marisa Coker ("Marisa") is the adult child of Decedent, and may have an interest in the life and AD&D benefits payable on the life of her mother.

9.     Defendant John Hilgeman is the Administrator of the Estate of Cheryl Coker in the Montgomery County Probate Court, and may have interest in the life and AD&D benefits payable on the life of Cheryl Coker.

10.    Each Defendant is a resident of Ohio, with their domicile within the jurisdiction of the United States District Court for the Southern District of Ohio.

## JURISDICTION AND VENUE

11.    This Court has original jurisdiction over this action, pursuant to 29 U.S.C. § 1132(e)(1) and 28 U.S.C. §1331, because this action involves competing claims for benefits, including the possible disqualification of a beneficiary, and to enforce rights pursuant to the Plan, which is governed by ERISA, a law of the United States. Defendants, as an actual, putative, or potential beneficiary of the Plan could bring an action against Unum for recovery of benefits under ERISA's civil remedies provisions, 29 U.S.C. § 1132 *et seq*. Thus, subject matter jurisdiction exists in this matter because the potential actions would present a substantial question of federal law. Unum seeks interpleader, a form or equitable relief, available pursuant to 29 U.S.C. § 1132(a)(3).

12.    Additionally, a Fed. R. Civ. P. 22 interpleader action, which is fundamentally equitable in nature, is a remedy available to plan fiduciaries pursuant to ERISA, 29 U.S.C. § 1132(a)(3), for the purpose of avoiding multiple liability to adverse claimants for the same benefits.

13.    Venue is proper pursuant to 29 U.S.C. § 1132(e)(2), 28 U.S.C. § 1391(b), and 28 U.S.C. § 1397 because Defendants reside in this District.

14.    Unum has no interest or claim to the benefit or the claim of the Defendants other than its responsibility to pay such benefits to the proper beneficiary.

## NATURE OF THE ACTION

15.     This Complaint is a suit for interpleader to determine which of the conflicting potential beneficiaries is the proper beneficiary or are the proper beneficiaries of Eighty-One Thousand Five Hundred and 00/100 Dollars ($81,500.00) of life insurance benefits and Two Hundred Seventy Nine Thousand and 00/100 Dollars ($279,000.00) AD&D insurance benefits payable upon the death of Decedent (the "Plan Benefits").

16.     The Plan permits an employee to purchase life and AD&D coverage on the life of a spouse. Upon the death of a spouse insured for these Spouse Group Life Benefits and Spouse Group AD&D Benefits, it is the practice of the Plaintiff to pay benefits to the employee insured. To the extent that the employee insured is disqualified from receiving the Plan Benefits, then competing beneficiaries for the Plan Benefits could include the spouse's estate, as well as the spouse's children

17.     On or about October 2, 2017, Coker enrolled for benefits under the Plan including Spouse Life and AD&D insurance with an effective date of January 1, 2018. A copy of the enrollment confirmation is attached as **Exhibit 2.**

18.     On or about September 21, 2018, Decedent filed for divorce from Coker.

19.     On or about October 2, 2018, Decedent was reported missing.

20.     On or about December 5, 2019, Coker increased the spouse death benefits from $80,000 to $100,000.

21.     On or about April 25, 2020, Decedent was found dead in a wooded area located at 1212 Waynesville Jamestown Road, Caesars Creek Township, Greene, Ohio. A post mortem autopsy of Decedent's remains concluded that the Manner of Death "Could not be Determined." A copy of the death certificate is attached as **Exhibit 3.**

22.     The Coroner's Opinion as to cause of death states that "Due to the condition of the remains, near complete skeletonization, the precise cause of death could not be determined. However, the circumstances surrounding the disappearance as developed by law enforcement investigators, and death, as the post mortem changes are consistent with the time period and clothing is reported to be what was worn at the time of the disappearance, suggest the cause of death is related to foul play and as such a common term used to certify the cause of death is homicidal violence of unknown etiology." A copy of the Coroner's Opinion is attached as **Exhibit 4.**

23.     The Riverside Police Department initiated a homicide investigation into the death of Decedent.  Coker is the one and only primary suspect in the case.  At the time of filing this complaint, the investigation is still pending and has been transferred to the Ohio Attorney General's Office, Bureau of Investigation.

24.     In the absence of a conviction, "the identity of a person who intentionally and feloniously caused the death of another can be established in a civil proceeding in order to prevent the wrongdoer from receiving the proceeds of the deceased's life insurance policy. *Cadle v. Shelton,* No. 11-787, 2013 WL 128372 at *6 (S.D. Oh. Mar. 26, 2013) quoting *Shrader v. Equitable Life Assur. Soc. of U.S.,* 20 Ohio St.3d 41, 44 (Ohio 1985).

25.     In the absence of a Plan or ERISA provision on point, federal common law applies to decide the proper recipient of benefits in a slayer scenario.  *Cadle* 2013 WL 128372 at *5 (S.D. Oh. Mar. 26, 2013) citing *Tinsley v. Gen Motors Corp.,* 227 F.3d 700, 704 (6th Cir. 2000).  Federal common law "prohibits a life insurance beneficiary who murders an insured from recovering under the policy."  Id. citing *Giles v. California,* 554 U.S. 353, 384 (2008).

26.     Ohio Revised Code Title 21 § 2105.19, "Persons prohibited from benefiting by the death of another," may apply to bar payment to Coker, if it is not preempted by ERISA.

## COUNT I: CAUSE OF ACTION IN INTERPLEADER

27.     Unum incorporates by reference the allegations set forth in Paragraphs 1 through 26 of the Complaint.

28.     Unum, as claims fiduciary, must administer claims in accordance with ERISA and the documents and instruments governing the Plan.

29.     Unum cannot determine the proper beneficiary of the Plan Benefits at issue without risking exposure of itself and the Plan assets to multiple liabilities.

30.     Unum is merely a stakeholder and claims no beneficial interest in the Plan Benefits, except for the payment of its reasonable attorneys' fees and costs incurred in bringing this action for interpleader.

31.     Unum is now, and at all times has been, ready and willing to pay the Plan Benefits in accordance with the terms of the Plan to the party legally entitled to them.

32.     Unum cannot determine the proper beneficiary of the Plan Benefits without assuming the responsibility of determining doubtful questions of fact and law, and without incurring the risk of being subject to costs and expenses in defending itself in multiple suits or the possibility of multiple payments of the amount due.

## COUNT II: CLAIM FOR EQUITABLE RELIEF
## PURSUANT TO § 1132(a)(3)(B)(ii) OF ERISA

33.     Unum incorporates by reference the allegations set forth in Paragraphs 1 through 32 of the Complaint.

34.     Unum is an ERISA fiduciary for the Plan. In addition, the Plan is a legal entity with standing to sue or be sued under ERISA.

35.     Unum has a fiduciary duty under ERISA and the respective Plan documents to disburse the Plan Benefits according to the terms of the Plan documents and the information provided by claimants. In this matter, Unum faces potential conflicting claims for the disputed funds. Unum requires the Court's assistance to inquire into the matter and to adjudicate the interests of the Defendants.

36.     Pursuant to ERISA, 29 U.S.C. § 1132(a)(3)(B)(ii), Unum asks the Court to interplead the Defendants in order to enforce the terms of the Plan regarding disbursement of the Plan Benefits.

## COUNT III: DECLARATORY JUDGMENT

37.     Unum incorporates by reference the allegations set forth in Paragraphs 1 through 36 of the Complaint.

38.     As noted above, Unum is unable to determine which of the Defendants is entitled to the Plan Benefits without facing the threat of multiple lawsuits and the potential for double liability.

39.     Each Defendant has a colorable claim to the Plan Benefits and could, separately or jointly, assert a claim against Unum under the civil enforcement provisions of ERISA, relating to the Plan Benefits.

40.     Pursuant to 28 U.S.C. § 2201, 28 U.S.C. § 1331, and 29 U.S.C. § 1132(a), this Court has jurisdiction and authority to adjudicate the rights of Unum and the Defendants.

41.     For purposes of judicial economy, and to avoid potential piecemeal litigation with the possibility of conflicting results concerning disbursal of the Plan Benefits, the Court should grant Unum's request to interplead the Defendants and declare the rights and obligations of the parties.

## REQUESTED RELIEF

WHEREFORE, Unum respectfully requests that the Court:

A. Permit Unum to pay the Plan Benefits, and any applicable interest, into the registry of this Court (or hold the Plan Benefits pending direction of the Court given the qualified nature of the funds);

B. Order Defendants to answer and present their claims to the Plan Benefits;

C. Issue an Order enjoining and restraining Defendants from instituting or prosecuting any action or proceeding in any State or United States court against Unum or the Plan for the recovery of the Plan Benefits or claims related to the payment of Plan Benefits;

D. In the event it is determined that any other person not yet joined as a party to this action may make a claim for, or be entitled to, the funds at issue in this matter, that such person be joined and subjected to Paragraphs B-C, above;

E. Dismiss Unum with prejudice from this action, and discharge Unum and the Plan from any further liability upon payment of the Plan Benefits into the Registry of this Court, or as otherwise directed by this Court;

F. Permit Unum to recover its costs and attorneys' fees in connection with this action; and

G. Order such other and further relief as this Court deems just and proper.

55073420.v2-OGLETREE

Respectfully submitted,


/s/ Samuel H. Ottinger
Samuel H. Ottinger (0099034)
Ogletree Deakins Nash Smoak & Stewart, P.C.
127 Public Square, Suite 4100
Cleveland, OH  44114
216-241-6100
216-357-4733 (Fax)
samuel.ottinger@ogletree.com

*Attorney for Plaintiff*